40

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
ENTERED

FEB 1 5 1994

Michael N. Milby, Clerk

| | |
|---|---|
| AUSTIN RESOURCES CORPORATION, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-93-1509 |
| § | |
| CHESAPEAKE OPERATING, INC., § | |
| § | |
| Defendant. § | |

## O R D E R

Pending is Defendant Chesapeake Operating Inc.'s ("Chesapeake") Motion for Partial Summary Judgment (Document No. 30), as supplemented by Chesapeake's Supplement to its Motion for Partial Summary Judgment (Document No. 34). Also pending is Plaintiff Austin Resources Corporation's ("ARC") Motion to Release Funds from the Registry of the Court (Document No. 33).

Chesapeake's motion, as supplemented, is with respect to a sum to which Chesapeake was determined to be entitled to recover from ARC in the amount of $106,156.33, plus $5,027.90, as a result of binding arbitration between the parties. ARC has pled that it does not dispute its liabilities to Chesapeake with regard to the sum of $106,156.33, as a result of the binding arbitration order, and has made admissions that the sums of $5,027.90 was also undisputed as a result of the arbitration insofar as it refers to June, 1992 joint interest billing related to the Johnson 1-H Well. The Court therefore finds that the uncontroverted summary judgment evidence establishes the following facts:

1. Chesapeake operates the following wells in Gonzales County, Texas: Nixon Farms #1-H, Johnson #1-H, Nixon Farms Saltwater Disposal, and J.N. Hahn #1 Saltwater Disposal.

2. ARC is a non-operating joint interest owner in each of the wells.

3. The relationship of ARC and Chesapeake in connection with the wells is governed by the Operating Agreements which are Exhibits "1" and "2" to ARC's Complaint for Damages and Injunctive and Declaratory Relief in this action.

4. In 1992, Chesapeake and ARC became involved in a dispute regarding the correct amount of ARC's liability to Chesapeake in connection with the wells.

5. ARC audited the joint interest accounts through the dates shown below:

| Well | Audit Cutoff |
|---|---|
| Nixon Farms 1-H | May 31, 1992 |
| Johnson 1-H 1 | June 30, 1992 |
| Nixon Farms SWD | May 31, 1992 |
| J.N. Hahn SWD | May 31, 1992 |

6. Upon completion of the audit, ARC requested Chesapeake to grant it certain credits for alleged overcharges to the joint account. Chesapeake granted some credits and refused others.

7. On March 11 and 12, 1993, Chesapeake and ARC submitted the disputed audit exceptions to binding arbitration. The arbitration determined the amount of credit due ARC through the audit cutoff dates.

2

8. The Arbitrator's Award was issued April 30, 1993.

9. As a result of the arbitration, Chesapeake credited ARC's account in the amount of $131,099.63 effective May 31, 1992, leaving a balance due as of that date of $106,156.33, which remains unpaid.

10. In addition to the $106,156.33 due as of May 31, 1992, $5,027.90 billed in connection with the Johnson #1-H Well only, for June, 1992, was also subject to the audit and resolved through arbitration. The total amount of ARC's liability to Chesapeake established through arbitration is therefore $111,184.23.

11. The Operating Agreements provide for the accrual of interest on unpaid billings at Bank of Oklahoma prime plus 1%.

Accordingly, the Court finds that Chesapeake is entitled to have and recover judgment from ARC in the amount of $111,184.23, plus interest at a rate equal to Bank of Oklahoma prime plus one from the date(s) of the arbitrator's award(s) to the date of judgment, plus interest on the total sum as provided by 28 U.S.C. § 1961 from the date of judgment until paid.

Chesapeake is ORDERED to file an affidavit setting forth the amount of prejudgment interest that should be awarded in the judgment based upon the Bank of Oklahoma prime plus one from the date of the arbitrator's award(s) until the date of judgment. Such affidavit shall be filed on or before February 22, 1994. Prejudgment interest should be calculated to February 25, 1994, on the assumption that the Court will sign the Judgment on that date.

3

The Court finds that there is no just reason for delay and therefore intends to enter a final judgment on this portion of the case pursuant to Fed. R. Civ. P. Rule 54(b).

It is further ORDERED that ARC's Motion to Release Funds from Registry of the Court, opposed by Chesapeake, is DENIED, without prejudice.

The Clerk will enter this Order and send copies to all counsel of record.

SIGNED at Houston, Texas, this 11 day of February, 1994.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE

4